J-S52016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FERNANDO REAL, | |
| Appellant | No. 1495 EDA 2013 |

Appeal from the PCRA Order entered May 3, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0207721-2004

BEFORE:  GANTMAN, P.J., ALLEN and FITZGERALD*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 27, 2014**

Fernando Real ("Appellant") appeals *pro se* from the order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

We previously summarized the factual background as follows:

> On September 11, 200[2], Appellant shot and killed Levon Wilson ("the victim") during a dice game in the Frankford section of the City and County of Philadelphia, Pennsylvania.  According to eyewitness testimony of Raymond Milburn, Appellant was acting as "the bank" when the victim placed an insufficient bet.  A verbal argument between Appellant and the victim ensued. Appellant then left the game and went "around the corner" with two other men.  Shortly after Appellant returned to where the game was being played, the victim walked away from the game.  Mr. Milburn then heard gun shots [sic] and saw Appellant with a 9 mm gun in his hand, standing over the victim who had fallen to the curb.  After the

_____
*Former Justice specially assigned to the Superior Court.

shooting, Appellant ran away. Mr. Milburn had seen Appellant with the same 9 mm gun about a week earlier in a local bar. According to Mr. Milburn, nearby police officers immediately responded to the gunshots and, without waiting for an ambulance, transported the victim to the hospital. [The victim later died.]

*Commonwealth v. Real*, 972 A.2d 560 (Pa. Super. 2009), unpublished memorandum at 1-2 (citations omitted).

A jury convicted Appellant of first-degree murder and possession of an instrument of crime. Thereafter, the trial court sentenced Appellant to a term of life in prison for his murder conviction, and a concurrent sentence of two and one-half to five years in prison for possessing an instrument of crime. Appellant filed a direct appeal to this Court. In an unpublished memorandum filed on March 4, 2009, we affirmed Appellant's judgment of sentence. *Real*, *supra*. On October 7, 2009, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Real*, 982 A.2d 65 (Pa. 2009). On April 5, 2010, the United States Supreme Court denied Appellant's petition for writ of *certiorari*.

Meanwhile, on February 26, 2010, Appellant filed a *pro se* PCRA petition. Although the PCRA court appointed counsel, and PCRA counsel filed an amended petition, on July 16, 2012, Appellant filed a motion to proceed *pro se*, and an amended petition in which he raised several claims of ineffective assistance of counsel. On September 13, 2012, the PCRA court

conducted a ***Grazier***[1] hearing, and granted Appellant permission to proceed *pro se*. The PCRA court then held several days of evidentiary hearings. By order entered May 3, 2013, the PCRA court dismissed Appellant's amended PCRA petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises the following issues:

> A. Whether the PCRA court erred when it held [Appellant] was not prejudiced by trial counsel's failure to object to the prosecutor eliciting evidence of another crime previously ruled inadmissible – the shooting at Officer Spence – violating Appellant's right to effective assistance of counsel under the Pennsylvania and United States Constitutions?
>
> B. Whether the PCRA court erred when in denying [Appellant] relief when [his] right to effective assistance of counsel was violated by direct appeal counsel's failure to raise the issue of [Appellant's] constitutional right to counsel was violated by the prosecutor displaying a photograph of [Appellant] to a witness, post formal charging without defense counsel being present?

Appellant's Brief at 2-3.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are

---

[1] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

subject to our plenary review." ***Johnson***, 966 A.2d at 532. To be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Id.*** "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel

cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant first claims that trial counsel was ineffective for failing to object and request a mistrial after Sergeant John Spence testified at trial with regard to Appellant's presence, approximately one year after the victim's murder, as a backseat passenger in a vehicle that almost struck the officer's vehicle, and from which another occupant fired at the officer. According to Appellant, the trial court previously ruled this evidence inadmissible, and "the effect of this evidence established that [Appellant] was criminally violent. In essence, [Appellant's] character was blacken[ed] in the minds of the jury. Absent this error, the jury was free to believe [Appellant's] good character evidence, which would entitle [Appellant] to an acquittal on its own." Appellant's Brief at 13.

Although it concluded that Appellant's claim had arguable merit, and trial counsel did not provide a reasonable basis for his omission, the PCRA court concluded that Appellant could not establish the requisite prejudice. In ruling on the record, the PCRA court stated:

> [T]his Court cannot find that there was a reasonable probability that the outcome of the trial would have been different had this evidence been excluded due to the overwhelming evidence of guilt in this case and the general cautionary instruction given to the jury regarding bad acts.

***

- 5 -

> This Court reviewed the jury instructions. In their totality, the instructions informed the jury of the limited purpose for which evidence of flight could be used, as well as any other evidence of bad acts by [Appellant].

N.T., 5/3/13, at 12-13.

Our review of the record supports the PCRA court's conclusion that, because Appellant could not establish prejudice, his ineffectiveness claim fails. *Travaglia*, *supra*. Earlier in the hearing, the PCRA court summarized the overwhelming evidence of Appellant's guilt as follows:

> First, Mr. Milburn's preliminary hearing testimony was read to the jury since he was found to be unavailable to testify by the Trial Court.

> Mr. Milburn I.D.'d [Appellant] as the shooter. He described the circumstances surrounding the shooting. It was an improperly placed bet at a dice game. He described the gun used in the shooting as a 9 millimeter. Ballistics confirmed this. The victim was shot from behind. He testified that the victim was shot from behind. The medical examiner confirmed this. [Mr. Milburn] said that [Appellant] stood over the victim after he was down and fired more shots at him. Ballistics confirmed this. There were FCC's [sic] found at the scene in that location. [Mr. Milburn] testified that numerous shots were fired. The murder weapon was recovered empty and the victim was shot 12 times.

> Marquise Nixon gave a statement to police. He recanted at trial, however, under the law, his prior inconsistent, signed statement to police must be considered by a reviewing Court in the same manner as any other type of validly admitted substantive evidence when determining if sufficient evidence exists to sustain a criminal conviction.

> [Mr. Nixon's] statement was that he was at a craps game. He heard shots, approximately ten. He I.D.'d [Appellant] as the shooter and he stated that he saw [Appellant] run toward Harrison Street. Police Officer

Vincent said the same thing, and [s]he picked [Appellant's] photo out of an array[.]

\*\*\*

Brian Perry also gave a statement to police. He was an eyewitness. He recanted at trial, but since it was a signed statement to police, which he adopted, that must be considered as substantive evidence, as well.

He stated that he was at a craps game, that he heard approximately seven shots coming from the area where he last saw [Appellant] behind him, that [Appellant] was wearing a white T-shirt and blue jeans, tall, real light, looks Puerto Rican, approximately 5, 11.

Police Officer Vincent - - I am going to purposely leave out her in-court identification since in this Court's view, it most likely should not have been permitted. She sees a light-skinned black male, 5,9 to 5,11, skinny, from 20 to 30 feet away in well-lit conditions. This male looks in her direction, stands flush against the wall, then runs toward Harrison Street.

Police Officer Vincent testified that she found the gun on the path along which she chased this person. That gun was later determined to be the murder weapon.

Other evidence presented in the case was that [Appellant's] car was left at the scene and he never attempted to reclaim it. Also [Appellant] could not be found for over one year. [Appellant] was finally found in a motel room in New Jersey with a loaded weapon which was a 9 millimeter and he gave a false name.

[Appellant's] statements were admitted into evidence and there is no claim regarding the statements as a part of the PCRA. So the statements are substantive evidence that was legally admitted during the trial. The statements being I like shooting people and I already got two bodies. I'm going to die in jail. I don't care about nothing.

N.T., 5/3/13, at 4-7.

In addition, the trial transcript supports the PCRA court's conclusion that the jury was adequately instructed as to the limited use of the evidence in question. *See* N.T., 6/27/05, at 199-201. It is well settled that juries are presumed to follow the trial court's instructions. ***Commonwealth v. Speight***, 854 A.2d 450, 458 (Pa. 2004); ***see also Commonwealth v. John***, 596 A.2d 934, 837 (Pa. Super. 1991) (reiterating that "[c]autionary instructions may suffice to eradicate any prejudice that might result from reference to prior criminal activity by the defendant"). Given the foregoing, Appellant's first issue fails.

In his next issue, Appellant claims that the PCRA court erred in concluding that he was not entitled to relief due to counsel's failure to raise on appeal his claim that his constitutional right to counsel was violated. Prior to addressing this claim, the PCRA explained the circumstances surrounding Appellant's claim:

> Now, by way of factual background, Police Officer Vincent arrived on the scene of the homicide. She saw a male run in her direction, then look in her direction and place his body flat against the wall. The male then ran off toward Harrison Street. Police Officer Vincent gave chase. She lost the male but recovered a gun on the path along which she chased the male which was later determined to be the murder weapon.
>
> Police Officer Vincent gave a statement to homicide detectives wherein she described the male as a light-skinned black male, 5,9 to 5,11, skinny. Police Officer Vincent was not shown a photo array and never I.D.'d [Appellant] that evening.
>
> Approximately six weeks after the homicide, a wanted poster of [Appellant] was placed in the 15th Police District.

> Police Officer Vincent testified that she saw the poster and recognized it to be the person she chased on the night of the homicide. She failed to disclose this information to homicide detectives or to the Assistant District Attorney until pretrial preparation which was a few days before the trial.
>
> When Police Officer Vincent told the Assistant District Attorney, which was close to three years after [Appellant] had been arrested and the wanted poster had been taken down, Police Officer Vincent, unbeknownst to the Defense Attorney beforehand, identified [Appellant] in court. The Trial Court, pursuant to [Appellant's] Counsel's objection, colloquied Police Officer Vincent regarding the basis for her in-court identification.
>
> Police Officer Vincent testified to seeing the wanted poster near the time of the homicide but also testified that she was shown the poster again by the Assistant District Attorney during the trial prep.

N.T., 5/3/13, at 15-17.

Once again, although the PCRA Court found Appellant's claim to meet the first two prongs of the tripartite test applied to an ineffectiveness claim, the PCRA denied relief based upon its conclusion that Appellant could not establish the requisite prejudice:

> [Even if the trial court had] afforded relief to the Defense in the form of a complete suppression of any identification by Police Officer Vincent, that still would not likely have changed the outcome of this case.
>
> The police officer's original description of the person she saw running was consistent with [Appellant's] general description. The direction in which he ran was consistent with the direction in which other witnesses say he ran and there were three other identification witnesses - - and this is the most important fact - - there were three other identification witnesses aside from Police Officer Vincent, witnesses who knew [Appellant]. Also, Police Officer Vincent was fully cross-examined and her credibility

> questioned by [Appellant's] Counsel regarding the late notice of her ability to make an identification in the case.

*Id*. at 21-22.

We agree with the PCRA court's conclusion that the overwhelming evidence of Appellant's guilt prevents him from establishing that he was prejudiced by any violation of his right to counsel. ***See***, ***e.g.***, ***Commonwealth v. Spencer***, 275 A.2d 299, 332 (Pa. 1971) (refusing to grant a new trial based on claim that the defendant's right to counsel was improperly denied during pretrial identification, when the error was harmless given other identification testimony from the witness). Appellant's claim that prejudice is presumed is inapt. ***See*** Appellant's Brief at 22. Thus, Appellant's second issue fails.

In sum, because the PCRA court correctly concluded that Appellant could not establish his ineffectiveness claims, we affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/2014